MARX & RAWOLLE, RESPONDENT, v. STANDARD MUSIC ROLL COMPANY, APPELLANT.

Submitted December 11, 1922—Decided March 5, 1923.

The suit in this case was brought to recover the price of shellac sold and delivered to the defendant. The defence was a general denial. The litigated questions were questions of fact and properly submitted by the trial court, to the jury, under appropriate instructions; hence, a refusal by the trial court to direct a verdict in favor of the defendant was not error.

On appeal from the Supreme Court.

For the appellant, *Howe & Davis.*

For the respondent, *Whiting & Moore.*

The opinion of the court was delivered by

BLACK, J. This suit was brought to recover the price of shellac sold and delivered to the defendant. The amount sued for was $21,184.60. The answer was a general denial. The trial resulted in a verdict and judgment for the plaintiff for the full amount. The grounds of appeal are alleged trial errors. But the meritorious questions involved may be discussed and disposed of under the second ground of appeal, viz: a refusal to direct a verdict in favor of the defendant by the trial court. The concrete question in litigation was whether the items sued for in the complaint were chargeable to the defendant company Standard Music Roll Co.? Whether that company incurred the indebtedness? Or whether another company called the Arto Company was the responsible party? The trial judge in a careful and lucid review of the testimony, submitted this question to the jury, as a question of fact. Our examination of the record satisifies us, this was not error. This is a typical fact case. The verdict found by the jury is supported by the evidence. It would serve no useful purpose to review the testimony. It may not be amiss, however,

to point out some of the dominant circumstances.   That shellac was sold and delivered in the quantity and to the amount claimed by the plaintiff is not in controversy.   The plaintiff's books and the defendant's books seem to correspond to the cent, as to quantity and amount.   The defendant's claim is the shellac should be paid for not by it, but by another company, a related company, the Arto Company.   The controversy arose doubtless out of the fact, that the defendant Standard Music Roll Co. and the Arto Company, a subsidiary or related company of the defendant, were doing business in buildings on the same lot or block of land on Central avenue, Orange.   The Arto Company was incorporated in 1919.   The defendant company was incorporated in 1907.   It is conceded, that the plaintiff had dealings with the defendant company, for which it was responsible.

The shellac covered by the contracts in suit was delivered to trucks of the Standard, driven by drivers employed by and paid by the Standard.   In some cases, written orders for the delivery of the shellac for specific shipments under the contracts were delivered to the plaintiff by the Standard.   These orders in some cases were signed in the name of the defendant by a purchasing agent of the defendant.   Reese D. Evans, treasurer of both companies down to May, 1921, testified, that the sales manager of the plaintiff company would not give credit to the Arto Company, but would look only to the defendant; he knew that the plaintiff was not willing to give credit to the Arto Company, that, it was billing the shellac against the Standard and sending bills to that company.   The credit was started on the basis of credit to the defendant company. The plaintiff's testimony is, it was never advised, that Evans, or any of the other officers ceased to act for the defendant company.   The facts in the record bring the case within the scope of the rule stated by this court, in the case of *J. Wiss & Sons Co.* v. *Vogel Co.*, 86 *N. J. L.* 618.

As stated, we think the questions involved were questions of fact and properly submitted to the jury for solution.   We have examined the other grounds of appeal with the result that they are without legal merit, they refer to a refusal to

strike out items in the complaint, a refusal to charge certain requests, alleged error in the charge. All these for the most part involve questions of fact, and are disposed of under what was said above. We find no harmful error in the admission or rejection of evidence.

We also think, the criticism aimed at the charge in reference to the application of payments is not well founded. The court did charge the defendants fifth request on that subject, but refused to charge the sixth request on the ground, that it involved a question for the jury. In conclusion we may add, that in view of the careful and clear review of the testimony in the charge to the jury by the trial judge and the findings of fact by the jury, the argument made by the defendant in the brief, that, the contract is *ultra vires* and unenforceable requires no discussion.

Finding no error in the record, the judgment of the supreme court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 13.

*For reversal*—None.